91 F.3d 143
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. BLAKELY, Plaintiff-Appellant,
v.
CSX TRANSPORTATION, INC., Defendant-Appellee.
 No. 95-1673.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1996.
 
 Before: KENNEDY, CONTIE, and NELSON, Circuit Judges
 PER CURIAM.
 
 
 1
 James A. Blakely ("Blakely") was injured while working as a brakeman for CSX Transportation, Inc. ("CSX"). Following a jury verdict in favor of CSX, Blakely unsuccessfully sought judgment as a matter of law and, alternatively, a new trial. We affirm in part, and reverse and remand in part.
 
 I.
 
 2
 On February 17, 1991, Blakely reported for work at CSX's Saginaw (Michigan) yard at approximately 6:45 a.m. When Blakely's crew reached the two locomotives they were scheduled to operate that day, Blakely stowed his gear in the rear locomotive and walked to the front of the lead locomotive. As he crossed the lead locomotive's platform, Blakely slipped on a patch of ice causing him to fall and twist his left knee. An orthopaedic surgeon later determined that Blakely had sustained an injury to the medical meniscus of his left knee. Blakely was unable to work for several months.
 
 
 3
 On January 9, 1992, Blakely reported to the Saginaw yard at approximately 9:00 p.m. to transport coal to Essexville, Michigan. The lead locomotive, a newly-designed Dash 88 Wide Body, was equipped with a snowplow attachment in front. As Blakely was performing a switching operation in Essexville at approximately 12:30 a.m., he fractured the small finger on his right hand when he reached out to grasp the "grab iron" and inadvertently struck the snowplow. Blakely did not return to work until March 30, 1992.
 
 
 4
 On May 2, 1994, Blakely filed a two-count complaint against CSX alleging violations of the Safety Appliance Act, 45 U.S.C. § 1 et seq., the Boiler Inspection Act, 45 U.S.C. § 22 et seq., and the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq.[1] Specifically, Count I alleged that CSX should be held accountable for the knee injury that Blakely sustained, and Count II alleged that CSX should be held liable for the injury to Blakely's finger.
 
 
 5
 Following trial, the jury found in favor of CSX on both counts. Blakely subsequently moved for judgment as a matter of law and, alternatively, for a new trial. On May 26, 1995, the district court denied Blakely's motions. On June 14, 1995, Blakely appealed.
 
 II.
 
 6
 On appeal, Blakely asserts that he is entitled to a new trial:
 
 
 7
 Pursuant to Rule 50(b) and Rule 59 of the Federal Rules of Civil Procedure, the trial court should have granted plaintiff's motion for new trial. The jury's verdict with respect to Counts I and II was contrary to the manifest weight of the evidence. In addition the trial court committed prejudicial error when, over plaintiff's objection, it allowed defense counsel to argue that, with respect to Count I, the engine involved was not "in service" and hence not subject to the Boiler Inspection Act. Plaintiff's objection should have been sustained and the Court should have instructed the jury to disregard that portion of defendant's argument and further instructed the jury that the Boiler Inspection Act did apply to Count I.
 
 
 8
 Appellant's Brief at 15.
 
 
 9
 We must determine whether the district court abused its discretion by denying Blakely's motion for a new trial. United States v. Ashworth, 836 F.2d 260, 266 (6th Cir.1988). When doing so, "[w]e may neither weigh the evidence, pass on the credibility of the witnesses, nor substitute our judgment for that of the jury." Davis v. Mutual Life Ins. Co., 6 F.3d 367, 374 (6th Cir.1993), cert. denied, 114 S.Ct. 1298 (1994).
 
 
 10
 The Federal Employers' Liability Act provides (in relevant part):
 
 
 11
 Every common carrier by railroad while engaging in commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.
 
 
 12
 45 U.S.C. § 51. The relevant Boiler Inspection Act provision provides:
 
 
 13
 It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such carrier without unnecessary peril to life or limb, and unless said locomotive, its boiler, tender, and all parts and appurtenances thereof have been inspected from time to time....
 
 
 14
 45 U.S.C. § 23. The governing regulations include 49 C.F.R. § 229.45 ("All systems and components on a locomotive shall be free of conditions that endanger the safety of the crew, locomotive or train.") and 49 C.F.R. § 229.119(c) ("Floors of cabs, passageways, and compartments shall be kept free from oil, water, waste or any obstruction that creates a slipping, tripping, or fire hazard. Floors shall be properly treated to provide secure footing.").
 
 
 15
 We believe that the district court abused its discretion by denying Blakely's motion for a new trial with respect to Count I. Specifically, the following portion of CSX's closing argument was improper and caused reversible error:
 
 
 16
 [T]he Boiler Inspection Act [provides] that it shall be unlawful for the railroad to use a locomotive unless the locomotive and all parts and appurtenances are in proper condition and safe to operate in the service to which the same are put.
 
 
 17
 Now, first of all, this train was in the process of being put into service. It had not left the yard, things were being checked out on the engine before it was ready to go. So it is our position that the train at this point was not yet in service....
 
 
 18
 Joint Appendix at 374-75. Though Blakely's attorney objected to the improper argument and sought a curative instruction, the district court decided that a curative instruction was not necessary.
 
 
 19
 Though CSX concedes that the Boiler Inspection Act governs Count I of this action because the train was "in service" when Blakely slipped on the ice, CSX's closing argument suggested otherwise and could easily have confused the jury. We therefore REMAND Count I of this action to district court for a new trial.[2] With respect to Count II, however, we AFFIRM the district court's May 26, 1995 Order denying Blakely's motions for judgment as a matter of law and, alternatively, a new trial.
 
 
 
 [1]
 It should be noted that Congress repealed 45 U.S.C. §§ 1-43a on July 5, 1994, approximately two months after Blakely filed this action
 
 
 [2]
 Though Blakely suggests that we reverse the district court and enter judgment as a matter of law against CSX, we decline to do so. Instead, we believe that a new trial with respect to Count I is the appropriate relief